UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                       Chapter 11, Subchapter V

SMART COMMUNICATIONS
HOLDING, INC.,                                                         Case No. 8:24-bk-7106

    Debtor.                                                              *Expedited Relief Requested*
_____/                      *Without the Necessity of a Hearing*

**DEBTOR'S EXPEDITED MOTION FOR
ORDER DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)** [1]

SMART COMMUNICATIONS HOLDING, INC. ("**Smart Communications Inc.**" or the "**Debtor**"), as debtor and debtor in possession, respectfully requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with the related Chapter 11 case (the "**Related Case**") of Smart Communications Holding, LLC ("**Smart Communications LLC**") pending before this Court. In support of this motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1.

---

[1] A companion Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) has been simultaneously filed in the Related Case.

**Background**

3.  On November 30, 2024 (the "**Petition Date**"), the Debtor and Smart Communications LLC (collectively, the "**Debtors**") filed with this Court Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code and made elections to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

**Relief Requested and Grounds for Relief**

4.  By this motion, the Debtor requests the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1, directing for procedural purposes only, the joint administration of the above-captioned Chapter 11 case with the Related Case.

5.  Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part that:

> (b)  **Cases Involving Two or More Related Debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines an "affiliate" as:

> (A)  [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B)  [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

6.  The Debtors are affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure because Smart

Communications Inc. is the sole member of Smart Communications LLC, directly owning 100% of the outstanding voting securities of Smart Communications LLC. Therefore, this Court may order the joint administration of the estates of the Debtors.

7. The Debtor requests that all pleadings in both Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:24-bk-7106 |
| SMART COMMUNICATIONS HOLDING, LLC, | Case No. 8:24-bk-7108 |
| Debtors._____/ | *Jointly Administered under Case No. 8:24-bk-7106* |

The Debtor further requests that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under Smart Communication Inc.'s case number (which was the first filed case).

8. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

> a. To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting the Debtors. Absent joint administration, the Debtors will need to immediately file several accompanying motions, notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing,

     filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and expense, as well as conserving judicial and Court resources in scheduling and maintaining the separate pleadings.

  b. Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during the Debtors' Chapter 11 cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of the Debtors' Chapter 11 cases.

  c. Joint administration may avoid or reduce expenses associated with separate Section 341(a) meetings of creditors and may permit management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in the administration, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each of the Debtors.

  9. The Debtors' respective creditors will not be adversely affected by the joint administration of the Debtors' Chapter 11 cases, since joint administration of these cases is for

4

procedural purposes only and will not effectuate a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of the Debtors' Chapter 11 cases. Moreover, each creditor will still file its claim against a particular estate.

10. The Debtor does not believe that any of the relief herein requested would create a conflict of interest between creditors of the different estates.

### Basis for Expedited Relief

11. If the Debtors' Chapter 11 cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to the Debtors, their creditors, counsel, and the Court. Certainly, the relief sought would be of considerably greater value if granted immediately. The Debtor believes that the granting of this relief without a hearing is in the best of the Debtors, their estates, and their creditors.

12. The Debtors will be filing various "first day" pleadings including (i) a motion to approve ordinary course operations; (ii) application(s) to employ professionals; and (iii) a Joint Case Management Summary (collectively, the "**First Day Pleadings**"). If this motion is not granted at the time, the Debtor requests authority to file the First Day Pleadings (a) under the style identified in this motion for the jointly administered cases and (b) in the lead case only.

WHEREFORE, the Debtor respectfully requests entry of an order granting this motion, directing, for procedural purposes only, the joint administration of the above-captioned

Chapter 11 case with the Related Case, and providing for such other and further relief as is just and proper.

                                                */s/ Daniel R. Fogarrty*
                                                Daniel R. Fogarty (FBN 0017532)
                                                Stichter Riedel Blain & Postler, P.A.
                                                110 East Madison Street, Suite 200
                                                Tampa, Florida   33602
                                                Telephone: (813) 229-0144
                                                Email:  dfogarty@srbp.com
                                                Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)* has been furnished on this 30th day of November, 2024, by the Court's CM/ECF electronic noticing to all parties receiving CM/ECF electronic noticing.

                                                */s/ Daniel R. Fogarty*
                                                Daniel R. Fogarty