UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11, Subchapter V** |
| **Smart Communications Holding, Inc.** | **Case No. 8:24-bk-7106-RCT** |
| **Smart Communications Holding, LLC** | **Case No. 8:24-bk-7108-RCT** |
| **Debtors** | *Jointly Administered under Case No. 8:24-bk-7106-RCT* |

___

### MEMORANDUM OF CORRECT SOLUTIONS, LLC, MARK TURNER AND RICK FERGUSON RELATING TO THEIR MOTION FOR RELIEF FROM AUTOMATIC STAY

On December 19, 2024, creditor/party in interest Correct Solutions, LLC ("Correct Solutions"), party in interest Mark Turner ("Turner") and party in interest Rick Ferguson ("Ferguson") (collectively "Movants") moved the Court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay so that they could comply with mandatory, jurisdictional deadlines in two cases in which debtor Smart Communications Holding, Inc. ("Smart Communications") is a party. Those cases were pending in United States District Courts ("U.S. District Courts") at the time Smart Communications filed its Petition herein on November 30, 2024.

Movants also requested that this Court grant them a hearing on their motion for relief from the automatic stay on an emergency basis because of the pending deadlines in those cases, which deadlines, Movants assert, could not be continued

or postponed. This Court did not grant Movants' request for an emergency hearing by December 27, 2024, and Movants were required to make the required filings in the U.S. District Court proceedings. Movants, therefore, request that this Court retroactively grant their Motion for Relief from Automatic Stay. In the alternative, Movants request that this Court make a ruling that Movants' filings in the U.S. District Courts did not violate the automatic stay in this case.

## RELEVANT BACKGROUND

### Florida Case

Correct Solutions removed litigation filed by Smart Communications in state court to the United States District Court for the Middle District of Florida, Civil Action No. 8:20-cv-01469-WFJ-TGW, on June 26, 2020 (the "Florida Case"). The dispute between the parties arose out of a Master Services Agreement whereby Smart Communications provided inmate communication services to correctional facilities by contract with Correct Solutions.

Correct Solutions filed a counterclaim against Smart Communications in the Florida Case on August 17, 2020. The parties thereafter filed a series of amendments that culminated in a Fourth Amended Complaint filed by Smart Communications on June 21, 2021 and a Fourth Amended Counterclaim filed by Correct Solutions on July 7, 2021.

The District Court held a bench trial in the Florida Case on August 19-23, 2024 on the Fourth Amended Complaint and the Fourth Amended Counterclaim and took the matter under advisement. The District Court rendered an Order on

December 13, 2024 in the Florida Case in which it dismissed all claims asserted by Smart Communications in its Fourth Amended Complaint against Correct Solutions and dismissed all claims asserted by Correct Solutions in its Fourth Amended Counterclaim against Smart Communications. The District Court entered Judgment on December 13, 2024.

Correct Solutions filed its Bill of Costs in the Florida Case on December 27, 2024. (Exhibit A filed herewith). Correct Solutions disclosed to the Florida District Court therein that Smart Communications filed its Petition in this case on November 30, 2024, explained the resulting automatic stay and discussed Correct Solutions' motion for relief from the stay.

As stated in its Bill of Costs, Correct Solutions was concerned that the deadline of Friday, December 27, 2024, in the Florida Case to file its Bill of Costs was a jurisdictional deadline that could not be continued or postponed and, thus, Correct Solutions was required to file its Bill of Costs within that deadline to preserve its rights and claims in the event this Court allows Correct Solutions to proceed after the hearing preliminarily set for January 27, 2025. Correct Solutions specifically asked the Florida District Court in its Bill of Costs to **not** make any rulings on the Bill of Costs until after the January 27, 2025 hearing on relief from the automatic stay and the entry of an order from this Court.

Correct Solutions also filed a Motion for Taxable Costs in the Florida Case on December 27, 2024. (Exhibit B filed herewith). As with the Bill of Costs, Correct Solutions was concerned that the deadline of Friday, December 27, 2024,

3

in the Florida Case to file its Motion for Taxable Costs was a jurisdictional deadline that could not be continued or postponed. Correct Solutions made the same disclosures to the Florida District Court therein about its concerns that the filing of its Motion for Taxable Costs was jurisdictional and about these bankruptcy proceedings. Correct Solutions once again asked the Florida District Court in the Motion for Taxable Costs to **not** make any rulings on the Motion for Taxable Costs until after the January 27, 2025 hearing on relief from the automatic stay and the entry of an order from this Court.

Finally, Correct Solutions filed its Motion for Entitlement to Attorney's Fees and Related Non-Taxable Expenses in the Florida Case on December 27, 2024. (Exhibit C filed herewith). Similarly to the Bill of Costs and Motion for Taxable Costs, Correct Solutions was concerned that the deadline of Friday, December 27, 2024, in the Florida Case to file its Motion for Entitlement to Attorney's Fees and Related Non-Taxable Expenses was a jurisdictional deadline that could not be continued or postponed. Correct Solutions once again made the same disclosures to the Florida District Court therein about its concerns that the filing of its Motion for Entitlement to Attorney's Fees and Related Non-Taxable Expenses was jurisdictional and about these bankruptcy proceedings. Correct Solutions once again asked the Florida District Court in its Motion for Entitlement to Attorney's Fees and Related Non-Taxable Expenses to **not** make any rulings on the Motion for Entitlement to Attorney's Fees and Related Non-Taxable Expenses until after

the January 27, 2025 hearing on relief from the automatic stay and the entry of an order from this Court.

## Arkansas Case

Smart Communications filed suit against Turner and Ferguson as employees of Correct Solutions on December 23, 2020 in the United States District Court for the Western District of Arkansas, Civil Action No. 4:20-cv-4112 (the "Arkansas Case"). The claims against Turner and Ferguson in the Arkansas Case were directly related to the claims asserted by Smart Communications against Correct Solutions in the Florida Case.

Because of the relatedness of the cases, the parties in the Arkansas Case filed a joint motion on April 9, 2021 to stay the Arkansas Case pending resolution of the Florida Case. The Arkansas District Court entered an Order on April 16, 2021 staying the Arkansas Case pending resolution of the Florida Case.

The Arkansas District Court's Order provides that the parties shall file with the court a Joint Status Report that includes the identification of any issues remaining to be resolved and a proposed schedule for the trial of these issues within two weeks of the resolution of the Florida Case. Thus, the deadline for Smart Communications, Turner and Ferguson to comply with the Order in the Arkansas Case by filing a Joint Status Report was December 27, 2024.

Smart Communications filed an Unopposed Motion for Extension of the Stay and Time to Submit Status Report in the Arkansas Case on December 27, 2024. (Exhibit D filed herewith). Smart Communications requested a 60-day

5

extension of the stay in the Arkansas Case so that the parties can better assess the effect of the rulings in the Florida Case to inform the Arkansas District Court about that in full compliance with its Stay Order. Turner and Ferguson had no opposition to the motion.

## ARGUMENT

**Correct Solutions' filing of its bill of costs and motions in the Florida Case to recover their costs and attorney's fees did not violate the automatic stay.**

Section 362(a)(1) provides, in relevant part, that the Debtors' filing of the Petition herein operated as a stay against the commencement or continuation of any action to recover a claim that arose before the commencement of the case. Correct Solutions submits that the filing of its bill of costs and motions to recover costs and attorney's fees in the Florida Case did not violate the automatic stay because those claims arose on December 13, 2024 after commencement of this case by the Debtors.  Furthermore, as noted above, Correct Solutions specifically asked the Florida District Court to take no actions adverse to Smart Communications and to delay ruling on the bill of costs and motions to recover costs and attorney's fees until after the January 27, 2025 hearing on relief from the automatic stay and the entry of an order from this Court.

Thus, Correct Solutions submits that the filing of its bill of costs and motions to recover costs and attorney's fees in the Florida Case did not violate the automatic stay provisions of Section 362(a)(1).  Correct Solutions requests that this Court make such a ruling.

If, on the other hand, this Court should find that Correct Solutions' motions in the Florida Case are subject to the automatic stay, Correct Solutions requests that this Court retroactively grant Movants' Motion for Relief from Automatic Stay to December 27, 2024.

**Turner and Ferguson's lack of opposition to the filing by Smart Communications in the Arkansas Case of a motion to extend the stay in that case did not violate the automatic stay.**

Turner and Ferguson asserted a claim in their Answer against Smart Communications in the Arkansas Case for attorney's fees and costs. Turner and Ferguson nonetheless submit that their lack of opposition to the motion by Smart Communications to extend the stay in the Arkansas Case should not be found to be a violation of the automatic stay. That motion is not the continuation of their claim against Smart Communications. To the contrary, the purpose of the motion is for an extension of the stay currently in place for sixty-days, or up to February 24, 2025.

Turner and Ferguson request that this Court make a ruling that they did not violate the automatic stay when they did not oppose the motion of Smart Communications to continue the stay in the Arkansas Case. If, on the other hand, this Court should find that their actions were subject to the automatic stay, Turner and Ferguson request that this Court retroactively grant Movants' Motion for Relief from Automatic Stay to December 27, 2024.

## RELIEF SOUGHT

Correct Solutions requests that this Court make a ruling that the filing of its

bill of costs and motions to recover costs and attorney's fees against Smart Communications in the Florida Case on December 27, 2024 did not violate the automatic stay. If, on the other hand, should this Court find that Correct Solutions' filing of the bill of costs and motions for costs and attorney fees in the Florida Case were subject to the automatic stay, Correct Solutions requests that this Court retroactively grant Movants' Motion for Relief from Automatic Stay to December 27, 2024.

Turner and Ferguson request that this Court make a ruling that they did not violate the automatic stay when they did not oppose the motion of Smart Communications to continue the stay in the Arkansas Case. If, on the other hand, should this Court find that their actions were subject to the automatic stay, Turner and Ferguson request that this Court retroactively grant Movants' Motion for Relief from Automatic Stay to December 27, 2024.

Dated: December 31, 2024.    Respectfully submitted:

/s/ *W. L. West*
W. L. West (LA Bar No. 13377)
Luke Piontek (LA Bar No. 19979)
Daniel T. Price (LA Bar No. 39500
**ROEDEL, PARSONS, BLACHE, FONTANA, PIONTEK & PISANO**
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7033
Facsimile: (225) 928-4925
E-Mail: cwest@roedelparsons.com

Kimberly A. Bald, FL Bar No. 0434190
Adam Mohammadbhoy, FL Bar No. 0137367

        James E. Lynch, FL Bar No. 0046219
**HARLLEE & BALD, P.A.**
202 Old Main Street
Bradenton, FL 34205
Telephone: (941) 744-5537
Facsimile: (941) 744-5547
Email: kab@harlleebald.com

*Counsel for Correct Solutions, LLC, Mark Turner and Rick Ferguson*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the forgoing *Memorandum* has been served via e-mail through this Court's CM/ECF Electronic Notification System on all parties registered to receive notices through this Court's CM/ECF Electronic Notification System as follows:

- **Eyal Berger**   eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Kathleen L DiSanto**   disanto.trustee@bushross.com, kdisanto@bushross.com;bankruptcy.eservice@bushross.com;kdisanto@ecf.courtdrive.com;ecf.alert+disanto@titlexi.com
- **Teresa Marie Dorr**   teresa.dorr@usdoj.gov, lizette.montanez@usdoj.gov
- **Daniel R Fogarty**   dfogarty.ecf@srbp.com, srbpecf@srbp.com
- **Donald R Kirk**   dkirk@carltonfields.com, kathompson@carltonfields.com
- **Megan Wilson Murray**   mmurray@underwoodmurray.com, dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com
- **Edward J. Peterson**   edwardp@jpfirm.com, andrenaw@jpfirm.com;JillC@jpfirm.com;melanief@jpfirm.com;AngelinaL@jpfirm.com
- **United States Trustee - TPA**   USTPRegion21.TP.ECF@USDOJ.GOV
- **W. L. West**   cwest@roedelparsons.com

Baton Rouge, Louisiana, this 31st day of December, 2024.

*/s/ W.L. West* (LA Bar No. 13377)

9