UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division
www.flmb.uscourts.gov

In re:

SMART COMMUNICATIONS
HOLDING, INC.,

and

SMART COMMUNICATIONS
HOLDING, LLC.,

      Debtors.

Chapter 11, Subchapter V
Case No. 8:24-bk-07106-RCT

*Jointly Administered with*
Case No. 8:24-bk-07108-RCT

### DEBTORS' EMERGENCY[1] MOTION FOR PROTECTIVE ORDER

The Debtors, Smart Communications Holding, Inc. ("SC Inc.") and Smart Communications Holding, LLC ("SC LLC," together, the "Debtors"), through undersigned counsel and pursuant to Fed. R. Bankr. P. 7026, and Local Rules 2004-1, 7026-1, and 9013-1, hereby move the court for entry of a protective order, declaring that they are not required to respond to the discovery requests or deposition notices of Melvin W. Engelke III, and state:

#### INTRODUCTION AND BACKGROUND

SC Inc., its affiliates, and its principals over the past decade, lodging contradictory claims over his supposed 10% ownership interest in various Smart Communications entities and the "Smart Jail Mail concept." None of these suits was successful; and the most recent one resulted in *a Final Judgment in favor of one of the Debtors, which was affirmed on appeal*. As explained in the Debtors' recent filings, Mr. Engelke has no valid interest in this bankruptcy case, and is only pursuing claims, interest, and discovery to continue harassing the Debtors and their sole remaining principal, Jon Logan.

---

[1] "A motion for protective order shall be filed as an emergency motion under Local Rule 9013-1(d)." L.R. 2004-1.

## **E**XTENSIVE **L**ITIGATION **H**ISTORY & **L**ACK OF **S**TANDING IN **T**HESE **C**ASES

Over the past 13 years, Mr. Engelke has filed at least four lawsuits[2] against SC Inc., its affiliates, and principals; and he has already taken at least 11 depositions of SC Inc., its affiliates, and insiders.[3] There has also been incalculable written discovery. But, he is still asking for more; and he is doing so in the face of a preclusive final judgment against him.[4] For the reasons stated in the Debtors' recent filings directed at Mr. Engelke's litigation tactics, it is clear that Mr. Engelke has no claim or cognizable interest in these cases. As a result, there is no legitimate basis to subject the Debtors to more discovery from a man whose claims "were determined to be time barred." It is a complete waste of time and money, not to mention an abuse of the judicial process.

## **M**EMORANDUM OF **L**AW

Fed. R. Civ. P. 26 allows the Court to "make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires." And the case law is clear that the Court has broad discretion to control discovery and protect the parties that come before it. *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1366 (11th Cir. 1997). The Court's discretion to grant a motion like this, and prevent abusive discovery from a litigant with no cognizable interest, is well-grounded in the rules and the caselaw discussed below.

---

[2] *Engelke v. Logan, et al.*, Case No. 19-CA-002628 (Fla. 13th Jud. Cir. Mar. 12, 2019); *Engelke v. Logan, et al.*, Case No. 16-CA-004323 (Fla. 13th Jud. Cir. May 6, 2016); *Engelke v. Smart Communications US, Inc.*, Case No. 16-CA-000491 (Fla. 13th Jud. Cir. Jan. 1, 2016); *Engelke v. Smart Communications US, Inc.*, Case No. 12-CA-011386 (Fla. 13th Jud. Cir. Jul. 18, 2012)

[3] To wit: Jon Logan on Feb. 15, 2019; HLFIP Holdings (through James Logan) over 2 days, Nov. 11 & 12, 2020; Mailguard (through James Logan) on Nov. 12, 2020; Smart Comm Desoto (through James Logan) on Nov. 12, 2020; James Logan over 2 days, Feb. 3 & 4, 2021; Smart Comm Collier (through James Logan) on Feb. 3, 2021; **the Debtor, SC Inc. (through James Logan) on Feb. 3, 2021**; Smart Comm Pasco (through James Logan) on Feb. 3, 2021; Smart Comm West (through James Logan) on Feb. 3, 2021; Jon Logan (again) on Feb. 5, 2021; and James Logan (again) on Feb. 28, 2014.

[4] On November 9, 2022, a state trial court entered a final judgment in favor of SC Inc., ruling that the claims Engelke brought in 2019 were time-barred. *See Melvin W. Engelke, III v. James Logan, et al,* Case No. 19-CA-002628 (Fla. 13th Jud. Cir. Nov. 9, 2022). The final judgment was affirmed on appeal. *See Engelke v. Logan, et al.*, 2D2022-4063 (Fla. 2d DCA Aug. 7, 2024). And it operates as "an adjudication on the merits" for res judicata purposes. *Carnival Corp. v. Middleton,* 941 So.2d 421, 424 (Fla. 3d DCA 2006) (citing *Allie v. Ionata*, 503 So.2d 1237, 1242 (Fla. 1987)).

The courts have several tools to protect litigants from "undue burden or expense," including protective orders. In this case, the relief requested is akin to a motion to stay discovery pending adjudication of a dispositive motion. *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (staying discovery based upon a "preliminary peek at the motions to dismiss"). Indeed, the relief sought is frequently employed by federal courts looking at meritless claims like Mr. Engelke's. *See, e.g.*, *Isaiah v. JPMorgan Chase Bank,* 960 F.3d 1296 (11th Cir. 2020) (affirming stay because "[f]acial challenges to the legal sufficiency of a claim or defense, such a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins." (citation omitted)); *Smith v. Travelers Ins. Co.*, 858 F.App'x. 292, 295 (11th Cir. 2021) (district court did not err in staying discovery while frivolity review and motion to dismiss were pending); *World Holdings, LLC v. Fed. Republic of Germany,* 701 F.3d 641, 655 (11th Cir. 2012) (there is no need for discovery before the court rules on a motion which is to be resolved on questions of law). This Court should apply the same reasoning and stay discovery here.

In *Chudasama*, the Eleventh Circuit explained this rationale in detail:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d at 1368.

Since Mr. Engelke has no cognizable interest in these cases, he should not be permitted to serve discovery, particularly since he has already subjected the Debtors to so much in the past.

### REQUEST FOR AWARD OF EXPENSES

Given Mr. Engelke's lack of cognizable interest in this case and abusive litigation tactics, the Debtors request that the Court enter an award of attorneys' fees and costs against Mr. Engelke, for having to file this motion, pursuant to Fed. R. Bankr. P. 7026(c)(3), Fed. R. Bankr. P. 7037(a)(5), 28 U.S.C. § 1927, and the court's inherent contempt powers.

### LOCAL RULE 7026-1(D) CERTIFICATION

I hereby certify that the movant has conferred, in good faith, with Mr. Engelke's counsel in an effort to resolve the issues without court action – by emails on January 30 and 31, 2025 – and the parties were not able to agree on any portion of the motion.

**WHEREFORE**, the Debtors, Smart Communications Holding, Inc. and Smart Communications Holding, LLC, request that this Court enter a protective order and grant such other relief that is just and proper.

Dated: January 31, 2025

**AKERMAN LLP**

By: */s/ John L. Dicks II*
John L. Dicks II
Florida Bar No. 89012
Email: john.dicks@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 233-7333
Facsimile: (813) 223-2837

Eyal Berger, Esq.
Florida Bar No.: 11069
Email: eyal.berger@akerman.com
201 East Las Olas Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Fax: (954) 463-2224

*Special litigation counsel to Debtors*

79757907;1


## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either electronically by CM/ECF registered participants and Local Rule 1007-2 parties in interest this 31st day of January, 2025.

                                                  */s/ John L. Dicks II*