FILED VIA MAIL

FEB 03 2025

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

Charles Talbert                    United States Bankruptcy Court

No. QA9727                         Middle District of Florida

SCI Fayette                        Tampa Division

50 Overlook Drive

LaBelle, PA. 15450

FEB 3 2025 PM 1:52
FILED - USDC - FLMD - TPA

| In re: | Case No: |
|---|---|
| | 8:24-bk-07106-RCT |
| SmartCommunications Holding, Inc. | Chapter 11 |
| and | Subchapter V |
| SmartCommunications Holdings, LLC. | |
| Debtor | |

Omnibus Petition Of Charles Talbert

1. Petitioner Charles Talbert is currently representing himself against the Debtor in Pennsylvania, in case : Talbert v. Commonwealth of Pennsylvania, etal, No. 543 MD 2023 (Commw. Ct.).

2. The case in Pennsylvania contends that the Debtor, herein, conspired with the Commonwealth Defendants to enter into an agreement under false and fraudulent pretenses that incoming prisoner mail was contaminated with drugs and getting mailroom staff ill from touching it in 2018.

3. In 2023, it was exposed in the Harrisburg Patriot that there was

- 1 -

no evidence within the Pennsylvania Department of Corrections (DOC) of mailroom staff becoming ill from mere contact with contaminated mail; no evidence of drugs being smuggled through the mail; and that drugs are within the DOC now several times more than what they were before Debtor and the DOC entered into that contract.

4. A hearing on Debtor's preliminary objections, and the Petitioner's Application for summary relief, on Petitioner's claims of conspiracy to commit fraud, is scheduled for February 5, 2025 in the Forest County Courthouse under docket number 100 of 2024.

5. As a Claimant and a person of interest in this Bankruptcy case, the Petitioner hereby:

   A. request for the Court to appoint counsel for him.

   B. request to receive all information and records filed in this Bankruptcy case pursuant to 11 U.S.C. Section 107.

   C. request to appear and be heard in this Bankruptcy case on the issue of fund distribution and liability pursuant to 11 U.S.C. Section 1109 and Fed. R. Civ. P. Rule 24.

   D. object to the proposed Confirmation of Plan of Reorganization by the Debtor, as it does not provide information as to how the Plaintiff, or any other person with a civil claim against it will be paid should they lose.

   E. object to the proposed Confirmation of Plan of Reorganization by the Debtor, as the Debtor is still engaging

in Fraud with the Commonwealth of Pennsylvania, and possibly other States, in regards to the business that it operates as part of this Bankruptcy case is concerned.

F. request for an order for the Debtor to stop accepting the Petitioner's mail and for it to be sent directly to his place of confinement.

G. request for an order to rescind the contract between the Debtor and Commonwealth of Pennsylvania, as it is based upon fraud.

H. request such other relief that this Court finds to be equitable under the circumstances, including to have a settlement conference between the Petitioner and Debtor.

All Rights Not Mentioned Herein Are Preserved And Not Waived.

Respectfully submitted,

Charles Talbert-Paralegal

No. QA4727                    No. QA4727
SCI Fayette                   SCI Fayette
50 Overlook Drive             PO Box 33028
LaBelle, PA. 15450            St. Petersburg, Fl. 33733
(Legal Mail Address)          (Non Attorney-Client Address)
(Must Include Court Code on Envelope)
C.C. File                    - 3 -

Proof of Service

I Charles Talbert hereby certify that on this 30th day of January, 2025,
a true and correct copy of my Omnibus Petition was sent via First Class
Mail to the following:

1. Daniel R. Fogarty, Esq.              2. Smart Communications
   110 E. Madison Street, Ste. 200         10491 72nd Street
   Tampa, Florida 33602                    Seminole, Florida 33777
   (Counsel)                               (Debtor)


Charles Talbert - Paralegal
PO Box 33028-SCI Fayette
Saint Petersburg, Florida 33733

Charles Talbert
No. QA4727
SCI. Fayette
50 Overlook Drive
LaBelle, PA. 15450                     January 30, 2025

Clerk of the Bankruptcy Court
Sam Gibbons U.S. Courthouse
801 N. Florida Avenue, Suite 555
Tampa, Florida 33602

Re: SmartCommunications, Case No: 8:24-BK-7106-RCT

Dear Clerk of Court:
   Enclosed herein, please find the following:
1. Ballot; and
2. Omnibus Petition.
Please send all future correspondence from the Court with the
"Court Coding" on the face of the envelope or the prison
will return it to you. Thank you.

                                   Yours Truly,

                              Charles Talbert, Paralegal

Charles Talbert
No. QA4727
SCI. Fayette
50 Overlook Drive
LaBelle. PA. 15450

LEGAL MAIL

TO: Clerk of the Bankruptcy Court
Sam Gibbons U.S. Courthouse
801 N. Florida Avenue
Suite 555
Tampa, Florida 33602

Commonwealth Court of Pennsylvania

Charles Talbert

vs.                              No.

Commonwealth of Pennsylvania

Christine Meukel

Smart Communications          Notice To Defend

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You Should Take This Paper To Your Lawyer At Once. If You Do Not Have A Lawyer, Go To Or Telephone The Office Set Forth Below.

Central Pennsylvania Legal Services, Inc
213 North Front Street
Harrisburg, Pennsylvania 17101
(717) 232-0581

Charles Talbert                    Commonwealth Court of Pennsylvania
No. QA4727
SCI. Forest
289 Woodland Drive
Marienville, PA. 16239                November 23, 2023


        Charles Talbert
        Petitioner,
             Vs.                         No.
        Commonwealth of Pennsylvania
        Christine Meukel
        Smart Communications
        Respondents.                  Complaint In Equity


Petitioner, Charles Talbert, brings forth this complaint in equity, pursuant
to a corrupt, incoming mail scanning system, and denial of current
Internet information, in violation of the State Constitution and laws
of this Commonwealth.

Parties:

1. Petitioner, is an adult individual and taxpayer, residing in this Commonwealth.
2. Commonwealth of Pennsylvania (the State), is the State Government of Pennsylvania.
3. Christine Meukel (Meukel), is employed by the State as the Combined Services Administrator (CSO) for the Department of Corrections (DOC).
4. Smart Communications (SC), is a process center that operates a mail scanning system, located at PO BOX 33028, St. Petersburg, Florida 33733.

Statement of Facts:

5. The Respondents have established, and maintained, a widespread scheme to do business, with taxpayer dollars, for a fraudulent, and inconveniencing purpose.
6. Since 2018, the State and Meukel have knowingly, intentionally, and willfully informed the public that it would contract with SC with its funds as a solution to the drug problem is the DOC's State prisons.
7. Specifically, the State and Meukel had represented that in 2018, a rash of illness befell prison staff, which the State's DOC falsely blamed on incoming prisoner mail soaked in K2 and Fentanyl.
8. In response to this false information, the State prohibited prisoners from receiving physical mail, and contracted with SC, a mail scanning system, where incoming mail is scanned and destroyed, sending the prisoner a facsimile.
9. The prisoner has to wait up to at least 10 business days to receive his or her mail through this fraudulent process, while normal citizens nationwide receives their mail within 3-5 business days.

10. At the time in which this fraud was created, State police never concluded that the DOC staff illness was caused by drugs, nor was there any evidence that drugs were smuggled through the mail.

11. On April 21, 2023, the Harrisburg Patriot News reported, inter alia, that:

A. medical experts said it was effectively impossible to become ill from such incidental contact with K2, fentanyl, or similar substances.

B. Ryan Marino, a toxicology expert, called it "not possible and not something that happens when prison staff have accidental contact with mail; and that symptoms reported by staffers were "usually the exact opposite of what opiods or fentanyl would do".

C. drug use in the State prisons is no better than it was 5 years ago, and that it has gotten worse.

12. As a proximate result of this fraud, Petitioners incoming mail has caused him several issues:

A. mail sent from lawyers that represent Defendants are not served upon Petitioner until approximately 10 business days after being filed with the courts, causing interference and unnecessary delays.

B. confidential medical and financial records are uploaded to a public scanning system, thus, depriving Petitioner of any privacy.

C. personal family and friends mail are also uploaded to a public scanning system, and saved, depriving Petitioner of any privacy.

13. In addition to this fraudulent mail scanning scheme, the State and

Meukel has established and maintained a statewide practice of having non-mailroom staff members, such as correctional officers, sort and distribute incoming mail to prisoners in restricted housing.

14. Upon employment, the State provides each staff member a job title and job description.

15. However, correctional officers do not have "mail handling" as one of their various job descriptions, which presents a conflict of interest, where Meukel is only able to review mail logs to determine if mail was processed and delivered to the "inmate's institution," but not to the inmate himself.

16. The State, Meukel, and SC, has failed to establish and maintain an effective system that ensures prisoners incoming mail protection, mail confidentiality, and timely mail service.

17. As a proximate result of the State failing to provide Petitioner mail protection, on November 22, 2023, Petitioner had only received one (1) UPS package that was shipped to SC from the DOC pertaining to a Right-to-Know law request, to which he paid over $850.00 for, to receive approximately 4-5 more packages.

18. Either there is a problem coming from SC in sending the packages, or a non-mailroom staff member at SCI Forest plainly chose to commit a Federal offense and not give him his mail.

19. Lastly, the State has denied prisoners access to the Internet to obtain up-to-date information that they could benefit towards their rehabilitation and legal matters.

20. By the State foreclosing access to social media altogether prevents the prisoner from engaging in the legitimate exercise of constitutional rights.

21. As a proximate result of this complete foreclosure of social media access, Petitioner is being denied access to relevant and beneficial information on law, government, education, economy, business, careers, self-help, and other current knowledge that he needs to be up on before leaving prison, if he intends, on which he does, to live a productive life.

Count One: Violation of Article I, Section 7 of the State Constitution:

22. Article I, Section 7 of the State Constitution guarantees that "... The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty".

23. However, the State has completely foreclosed its prisoners from having any access to social media which deprives them access to current information needed to stay up-to-date with the world and in obtaining a successful future.

WHEREFORE, Petitioner demands judgment against the State for a preliminary injunction to be enjoined from denying prisoners access to social media for lawful research.

Count Two: Conspiracy To Commit Fraud:

24. As aforementioned, the Respondents have established and maintained an agreement to misspend taxpayer dollars for an incoming mail scanning service for fraudulent reasons.

25. Such conspiracy has, and still causes Petitioner, ineffective mail

protection, ineffective mail confidentiality, and an untimely mail service.
WHEREFORE, Petitioner demands judgment against Respondents for damages,
costs, fees, and a preliminary injunction to enjoin such fraudulent
service and to establish an effective mail protective, confidential-
ity, and service system for prisoners.

Verification:

I, Charles Talbert, hereby verify, under penalty of perjury, that these facts
are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

Charles Talbert - Paralegal

November 23, 2023

# Five Years After Limiting Personal Visits and Banning Mail, Drug Use Worse in Pennsylvania Prisons

As reported by the *Harrisburg Patriot News* on April 21, 2023, the Pennsylvania Department of Corrections (DOC) implemented a solution to the drug problem in state prisons in September 2018 that has proved cruel and ultimately ineffective. That year, a rash of illnesses befell prison staff, which DOC blamed on incoming prisoner mail soaked in K2 and fentanyl.

So DOC prohibited prisoners from receiving physical mail and contracted a mail scanning system. Now any mail sent to a prisoner in Pennsylvania is forwarded to a center in Florida where it is scanned and destroyed, sending the prisoner a facsimile – either by re-printing it or making the document available on an electronic tablet.

At the time of the changeover, Pennsylvania was desperate to end the rash of drug exposure incidents alarming prison staff. Although Keystone State cops never concluded that the illnesses were caused by drugs – nor was there any evidence they were smuggled through the mail – officials insisted that mail was the most likely source of entry.

However, medical experts said it was "effectively impossible to become ill from such incidental contact with K2, fentanyl or similar substances." Ryan Marino, a toxicology expert, called it "not possible and not something that happens when prison staff have accidental contact with mail." He added that symptoms reported by staffers were "usually the exact opposite of what opioids or fentanyl would do."

Unsurprisingly, drug use in DOC lockups is no better than it was five years ago – in fact, it is now worse. After a slight decline in the immediate aftermath of the policy change, the number of positive drug tests rebounded quickly and is now higher than it was before.

One interesting metric is the number of prisoners in Pennsylvania who tested positive on random drug tests. In August 2018, when the crackdown was imposed, it was 1.0%. Fast forward to December 2022, and the number nearly tripled to 2.7%.

Five years after changing mail handling, Acting DOC Secretary Laurel Harry said at a budget hearing, "We also know that [traffickers] will look for other avenues for drugs to enter our system, and that's where [we] have to focus our efforts. But we don't have to focus our efforts on the mail." But as the *Harrisburg Patriot* pointed out, "if the mail scanning system has allowed the DOC to focus on drug interdiction elsewhere, as Harry stated, the department's data hasn't shown it."

John Eckenrode, of the union representing Pennsylvania guards, believes that the incidence of staff smuggling is small. Instead he blames legal mail – which is exempt from scanning – as well as donated books, visitors, and drone drops.

Bret Grote, an attorney with the Abolitionist Law Center, calls the DOC change in prisoner mail handling a cynical "shock-and-awe campaign" without any empirical basis. He blames the policy change for spawning other mail-scanning schemes across the country.

*Sources: NPR, PennLive, Harrisburg Patriot*

**Fearless. Passionate. Experienced.**

# United Appellate Group

The United Appellate Group (UAG) specializes in post-conviction relief in all Fifty States and the federal system. Our national network of attorneys and post-conviction experts are experienced with habeas corpus, sentence modifications, parole challenges, pleas, newly discovered evidence, actual innocence, procedural bars, ineffective assistance counsel, prosecutorial misconduct, jury misconduct, illegal search and seizure, complex cases, drug trafficking, financial crimes, and much more. Our flat rates are reasonable and we also offer payment plans. Contact UAG today for more information and see how we may be able to help you achieve the post-conviction relief you seek.

United Appellate Group (East)
539 W. Commerce St., Ste-3990
Dallas, Tx. 75208
(469) 953-4293

United Appellate Group (West)
1968 South Coast Hwy., Ste-2160
Laguna Beach, Ca. 92651
(949) 403-0143

https://appellategroup.org
admin@appellategroup.org

## <u>DECLARATION OF CHRISTINE MEUKEL</u>

I, Christine Meukel, hereby declare under the penalty of unsworn falsification, pursuant to 18 Pa. C.S. § 4904, that the following statements are true and correct based upon my personal knowledge, information, and belief:

1.    Currently, the Pennsylvania Department of Corrections ("Department") employs me as its Combined Services Administrator.

2.    I have been employed by the Commonwealth of Pennsylvania for over 33 years in total, and was appointed to my current position as the Department's Combined Services Administrator in 2019.

3.    In my current role as Combined Services Administrator, I am responsible for working with our third-party mail vendor, Smart Communications, who is responsible for processing all inmate mail that is not privileged.

4.    All mail that Smart Communications processes is logged and provided a reference number. By working with Smart Communications, I am able to review mail logs and determine if mail was processed and delivered to any inmate's facility for distribution, at any time.

5.    In response to the instant appeal, I was able to confirm that the Agency's Final Response was mailed to Charles Talbert, was received and processed by Smart Communications, given reference number 3947322, and was delivered to Charles Talbert's institution for distribution on October 12, 2022.

*Christine Meukel*
_____
Christine Meukel
**Combined Services Administrator**
**Pennsylvania Department of Corrections**

Date: November 21, 2022