ORDERED.

Dated: February 28, 2025

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:24-bk-7106-RCT |
| SMART COMMUNICATIONS HOLDING, LLC, | Case No. 8:24-bk-7108-RCT |
| Debtors._____/ | *Jointly Administered under Case No. 8:24-bk-7106-RCT* |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR ENTRY OF ORDER ENFORCING THE STAY
AS TO CONFIDENTIAL INFORMATION IN STATE COURT FILINGS**

THIS CASE came on for emergency hearing on February 19, 2025 at 2:30 p.m. on the Debtors' Emergency Motion for Entry of Order Enforcing the Stay as to Confidential Information in State Court Filings (Doc. No. 177) (the "**Motion**"). The Court, having considered the Motion, together with the record, and for the reasons stated on the record and in open court at the hearing, finds that the Motion should be granted. Accordingly, it is

**ORDERED**:

1.      The Motion is granted.

2.      The stay applies, and shall remain in effect until further order by this Court, with respect to the requests leading to, any action with respect to, and the entry of the following orders entered in the Circuit Court of the Twelfth Judicial Circuit in Sarasota County, Florida, styled *Jonathan Logan and Smart Communications Holding, Inc. v. Janice Logan, individually and as Truste of the James Logan Family Trust, dated February 10, 2021, the Estate of James Logan, Justin Peterson, Alexis Logan, and Unnamed Curator*, Case No. 2023-CA-1002-NC (consolidated with Case No. 2023-CA-1280-NC) (the "**Sarasota Action**"): Order Concerning The Hearing on February 19, 2024, dated February 13, 2025 [DIN 1185]; First Amended Order Setting Hearing, dated February 14, 2025 [DIN 1187]; and Order Directing Clerk to Temporarily Maintain Certain Trial Exhibits Confidential and Not Subject to Public Disclosure, dated February 14, 2025 [DIN 1186] (collectively, the "**Public Access Orders**"), and any ruling on the Public Access Orders by the State Court, which are stayed and not subject to the limited stay relief granted by this Court.

3.      The documents filed in the Sarasota Action that were designated and stamped "Confidential" pursuant to the October 23, 2023, Stipulated Order Governing the Production and Exchange of Confidential Information [DIN 362] (the "**Protective Order**"), as adopted by this Court in its Order Adopting Protective Order and Sealing Court Records, Feb. 11, 2025 (Doc. No. 159), as well as those documents subject to the February 14, 2025, written order entered in the Sarasota Action sealing certain trial exhibits [DIN 1186], shall remain "Confidential" and not subject to public access pursuant to the Protective Order.

4.      As stated in open court, the Court's ruling is without prejudice to any party in interest, including Michael Barfield, requesting relief from the automatic stay, and any party's rights to object to or oppose such relief.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

*Attorney Daniel R. Fogarty is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*