UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

SMART COMMUNICATIONS HOLDING, INC.,      Chapter 11, Subchapter V

SMART COMMUNICATIONS HOLDING, LLC,     Case No. 8:24-bk-7106
                                                                                                                                                         Case No. 8:24-bk-7108-RCT

     Debtors.

_____/       *Jointly Administered under*
                                                                                                                    *Case No. 8:24-bk-7106-RCT*

**CREDITOR JANICE LOGAN'S OBJECTION TO AKERMAN LLP'S**
**FIRST INTERIM AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT**

        Creditor Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 ("Janice") objects to Akerman LLP's First and Final Application for Allowance and Payment (Doc. No. 212, "Akerman's Application") as Akerman requests payment for services that were not reasonably likely to benefit the Debtors' bankruptcy estates. Indeed, because Akerman has consistently represented Jon Logan's interests, Jon (in his individual capacity) should be responsible for these costs. In support, Janice states as follows:

        Section 330(a)(4)(A) of the Bankruptcy Code provides in part that the Court "shall not allow compensation for services that were not likely to benefit the debtor's estate." Even in the absence of objection by any party, the Court "must consider whether the services [at issue] benefited the estate" before it may award fees. *In re Bilgutay*, 108 B.R. 333, 336 at n. 2 (Bankr. M.D. Fla. 1989). The instant services were never reasonably likely to benefit the Debtors' estates because Akerman represented (and continues to represent) solely the interests of Jon and his non-debtor entities.

Both this Court and the State Court have recognized the clear conflicts of interest here. Despite the Debtor's efforts, Judge Carroll noted the following when he relieved Smart Communications of the unfair alleged HLFIP liability:

> The fact that Smart Communications is even here today advocating for something that saddles [the Debtor] to make it legally insolvent is mystifying to me, but right now because Jon Logan was the incumbent management and has continued on as incumbent management, he has saddled the company with those debts. I will go ahead and invalidate that transaction.

Doc. 216, Ex. 1 at 30. This Court found that the "Debtors are effectively funding Jon Logan's quest to obtain control of Debtors." Doc. 226 at 3.

And what is more, the Akerman Application itself highlights the conflicts of interest referenced in the Court's recent order denying Debtors' motion to reconsider dismissal of their cases. *See id.* (referring to the shareholder litigation between Jon and Janice as "one factor, which made the other conflicts of interest in these cases more problematic"). Specifically, Akerman's request includes categories of time entries for services highlighting how the firm has consistently represented the interests of Jon and his non-debtor entities to the detriment of the Debtors and their estates. These categories include:

1. Work performed in preparation for the State Action and in concert with HLFIP for the benefit of Jon Logan and HLFIP. *See e.g.* Jan. 29, 2025, Entry ("Strategize with HLFIP counsel re license and ownership issues."); Feb. 3, 2024, Entry (regarding "conference call" with HLFIP).[1]

---

[1] Janice notes that this entry contains redacted information as to the substance of Debtor counsel's communication with HLFIP. To the extent Debtors invoke attorney-client privilege regarding communication with HLFIP, an entity with interests adverse to their own along with others comprising their estates, Janice objects—but more importantly, Akerman's implicit assertion that it acted *in a common interest* with HLFIP to sustain a crippling alleged debt to HLFIP is further evidence that Akerman's services were intended to benefit Jon at the expense of the Debtors' estates.

2. Work performed in the State Action itself, where the Debtors defended HLFIP's claim, to their own, creditors', and bankruptcy estates' detriments.

3. Other work performed for the benefit of Jon's non-debtors, including services related to subpoena responses for non-debtors Jon, Smart Collier, LOCO, and SCYH. *See e.g.* Feb. 7 and 11, 2025, Entries (regarding work to finalize drafts of subpoena responses for Jon, Smart Collier, LOCO, and SCYH).

In *In re Coastal Nursing Center, Inc.*, 162 B.R. 918 (Bankr. S.D. Ga. 1993), after dismissing the debtors' cases on bad faith grounds, the *Coastal Nursing* Court noted that debtor counsel's services did not benefit the estates, but it did not deny counsel's fee application *because* the debtors' principals and benefiting entities would fund or already funded these fees. Here, the Court should deny the Akerman Application. These services were never likely to benefit Debtors' estates, and to the extent Akerman seeks payment, it should do so from Jon who would have benefited most had Akerman been successful. Either way, and considering the expenses the Debtors undoubtedly paid prepetition to litigate the State Action to their detriment and for Jon's benefit, the Debtors' estates should not be tasked with paying more of Jon's bills.

Finally, the total amount Akerman seeks is shocking. Debtors argued that the Court should not have dismissed their case for fear of being subject to levy on a $1,153.184.69 claim by Correct Solutions, LLC. *See* Debtors' Response to Order to Show Cause (Doc. 209 at Par. 18). But Akerman seeks instantly an amount more than $300,000 *over* Correct Solution's claim from the Debtors' estates. Debtors' estates accrued over $1.4 million in legal fees fighting on Jon's behalf, after Debtors elected to file Subchapter V cases where "the overwhelming claims in the cases are asserted on behalf of insiders or attorneys, and there are no secured creditors." Doc. 226 at 2.

Rather than saddling the estates with more "mystifying" burdens, Janice requests that work performed to the benefit of Jon Logan, including his solely-owned entities, be properly assessed to Jon Logan.

### Conclusion

**WHEREFORE** Janice respectfully requests this Court deny Akerman's Application as none of Akerman's services were likely to benefit Debtors' estates.  Work performed for the benefit of HLFIP, other non-debtors, and Jon individually should be assessed to Jon Logan.

Dated:  March 11, 2025

/s/   *Edward J. Peterson*
Edward J. Peterson
Berger Singerman LLP
401  E. Jackson Street, Suite 3300
Tampa, Florida 33602
Telephone:  (813) 498-3400
Email:  epeterson@bergersingerman.com

***Attorney for Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021***

-AND-

David E. Schoenfeld (*pro hac vice*)
Illinois Bar No. 6197020
Email:  dschoenfeld@shb.com
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone:  (312) 704-7700

***Attorney for Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 11th day of March 2025, by electronic transmission through the Court's CM/ECF system upon all parties on the below CM/ECF Service List.

                                            /s/   *Edward J. Peterson*
                                            Edward J. Peterson

**CM/ECF Service List**

- **John A Anthony**   janthony@anthonyandpartners.com, efilings@anthonyandpartners.com;cfosdick@anthonyandpartners.com
- **Kimberly A. Bald**   kab@harlleebald.com
- **Eyal Berger**   eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Kathleen L DiSanto**   disanto.trustee@bushross.com, kdisanto@bushross.com;bankruptcy.eservice@bushross.com;kdisanto@ecf.courtdrive.com;ecf.alert+disanto@titlexi.com
- **John L Dicks**   john.dicks@akerman.com, judy.mcarthur@akerman.com
- **Teresa Marie Dorr**   teresa.dorr@usdoj.gov, lizette.montanez@usdoj.gov
- **Daniel R Fogarty**   dfogarty.ecf@srbp.com, srbpecf@srbp.com
- **Donald R Kirk**   dkirk@carltonfields.com, kathompson@carltonfields.com
- **John W Landkammer**   jlandkammer@anthonyandpartners.com, efilings@anthonyandpartners.com,crodriguez@anthonyandpartners.com
- **James Emery Lynch**   jel@harlleebald.com
- **Megan Wilson Murray**   mmurray@underwoodmurray.com, dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com;euzonwanne@underwoodmurray.com;admin@underwoodmurray.com
- **Edward J. Peterson**   edwardp@jpfirm.com, andrenaw@jpfirm.com;JillC@jpfirm.com;jcleaves@bergersingerman.com;jeising@bergersingerman.com
- **David Edward Schoenfeld**   docket@shb.com, docket@shb.com
- **United States Trustee - TPA**   USTPRegion21.T